*The* Pejepscot *proprietors vs.* Nichols.

In a real action, in which the general title was admitted to have been originally in the demandants, but an adverse title by disseisin was set up by the tenant, it was held that the latter could not give in evidence the parol declarations of the demandants' agent, tending to prejudice their title.

This was a writ of entry on the seisin of the demandants, and was tried before *Parris J.* upon the general issue. The general title to the premises was admitted to have been in the demandants ; but the tenant claimed under a disseisin against them, committed

more than twenty years before the commencement of the action ; and in proof of the fact, offered, among others, the deposition of *Thomas Lambert*, who testified· to certain declarations of the late *Josiah Little*, Esq. well known and acknowledged as the agent of the demandants, tending to show that the land in question was not claimed by them, but was owned by certain persons in *England.* To the admission of this deposition the demandants objected, but the objection was overruled :—and a verdict being returned for the tenant, this point was reserved for the consideration of the Court ; together with some others, which, not being considered by the Court, are not here noticed.

*Allen,* for the defendants.

*Mitchell,* for the tenant.

MELLEN C. J. delivered the opinion of the Court ˜at the adjournment of *May* term in *Cumberland*, in *August* following.

The principal question in this case is, whether the deposition of *Thomas Lambert* was properly admitted in evidence. By the report it appears that, on the trial of the cause, the general title to the premises demanded was admitted by the tenant to have been in the demandants ; and the tenant does not pretend to have derived any title under them by any deed or other conveyance in writing. He merely relies on a title by disseisin, which he contends, he has established by the evidence reported. *Lambert* deposes to certain declarations made by *Josiah Little*, who, at the time of making them, was the general agent of said proprietors. In reply to an enquiry made by *Nichols*, he said, when speaking of the lot in question, " We do not own it ; we are not agents for it." He went on to observe that it was a part of four hundred acres belonging to certain persons in *England.* Was this legal evidence ? Could *Little,* as general agent, by his confessions, affect or impair the title of the demandants ? The land in question having been the undisputed property of the *Pejepscot* proprietors, *Little* could not, by parol, transfer the property to any one, or waive their title, and thus defeat it,

and the action brought to recover the possession of it. To allow this, would in effect, be to repeal and do away the unquestioned principle of law, that real estate, in no case, can be transferred by parol. The declarations abovementioned were calculated only to deceive and mislead the jury. What effect they had on their minds we do not know ; but they might have considered it as an abandonment of the land by the demandants and sufficient to bar a recovery ; and thus they might have been induced to return their verdict for the tenant. As the proof in question might have had an influence, and yet ought not to have had any, we think the verdict must be set aside and a new trial granted. A decision on this point renders it unnecessary to examine any of the other questions which have been discussed at the bar.

*Verdict set aside and new trial granted.*